LOLLEY, J.
 

 hThe defendant, Kevin Falcon, was previously convicted by a jury of second degree murder. In
 
 State v. Tensley,
 
 41,726 (La.App. 2d Cir.04/04/07), 955 So.2d 227,
 
 writ denied,
 
 2007-1185 (La.12/07/07), 969 So.2d 629, this court reversed his conviction and remanded the matter to the trial court for further proceedings. On remand, pursuant to a plea agreement, Falcon pled guilty to a reduced charge of manslaughter, a violation of La. R.S. 14:31. Subsequently, the trial court sentenced the defendant to 40 years at hard labor. Falcon filed a motion to reconsider sentence which was denied, and this appeal ensued.
 
 *174
 
 For the following reasons, we affirm Falcon’s conviction and sentence.
 

 Facts
 

 The detailed facts of this case were set forth in our prior opinion in
 
 State v. Tensley, supra.
 
 Jessica Tensley, the mother of the victim, and her live-in boyfriend, Falcon, were the only caregivers for her five-month-old child several weeks before his death. One morning, Tensley found the victim unresponsive in his crib. After being transported to the hospital, the victim was examined and found to have numerous injuries including fractures of the skull, ribs, wrists, and femurs. Tensley was arrested immediately, while Falcon was arrested after further investigation revealed that he was responsible for care of the victim with Tensley. Both Falcon and Tensley denied culpability for the child’s injuries. They were tried together and found guilty of second degree murder. This court reversed the convictions and remanded the matter to the trial court for further proceedings.
 
 Id.
 
 at 246. On remand, Falcon accepted a plea agreement | ¿which allowed him to plead guilty to manslaughter with no sentencing recommendations. The trial court sentenced Falcon to 40 years at hard labor and this appeal ensued.
 

 Discussion
 

 Falcon now claims that his 40-year sentence is harsh and excessive. He contends that despite his fourth offender status the maximum sentence is clearly excessive. When entering his guilty plea, Falcon conceded the fact that there was sufficient evidence to support his conviction; however, he now argues that there was no direct evidence presented to show that he committed the acts that led to the death of the victim. Because of this, Falcon reasons that his involvement does not warrant the imposition of the maximum sentence. We disagree.
 

 The law on this issue is well settled. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial coui*t took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.02/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis
 
 for
 
 a sentence is the
 
 goal of
 
 La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where |3there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App. 2d Cir.01/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0834 (La.03/11/05), 896 So.2d 57 and 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.09/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the of
 
 *175
 
 fense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.01/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2d Cir.01/24/07), 948 So.2d 379.
 

 The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be [4set aside as excessive in the absence of a manifest abuse of his discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7;
 
 State v. Hardy,
 
 39,233 (La.App. 2d Cir.01/26/05), 892 So.2d 710.
 

 Absent a defendant’s assertion that he was falsely or mistakenly charged with an offense, the sentencing court may consider a dismissed charge as part of the defendant’s criminal history, even when the dismissal forms part of the plea agreement.
 
 State v. Pamilton,
 
 43,112 (La.App. 2d Cir.03/19/08), 979 So.2d 648.
 

 Finally, as stated, a trial court has broad discretion to sentence within the statutory limits. Moreover, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,239 (La.App. 2d Cir.04/30/08), 981 So.2d 792. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.05/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App. 2d Cir.05/12/04), 873 So.2d 939.
 

 Louisiana R.S. 14:31(B) mandates that: Whoever commits manslaughter shall be imprisoned at hard labor for not more than forty years. However, if the victim killed was under the age of ten years, the offender shall be imprisoned at hard labor, without benefit of probation or suspension of sentence, for not less than ten years nor more than forty years.
 

 In this case, during Falcon’s sentencing hearing the trial judge noted several factors that were considered in determining his sentence including |Bthe police reports from the offense and the Pre-Sentence Investigation report (“PSI”) which included Falcon’s personal history. In reviewing the PSI, the trial judge found that Falcon’s criminal history was troubling and it had a large impact on the sentencing. The trial court read Falcon’s significant criminal history into the record, noting that he reported his first arrest at the age of nine years old. The trial court also found that as an adult Falcon was engaged in criminal activity from 1993, at the time he was 18 years old, until the time he was arrested in 2003 for the instant offense. The periods when Falcon was not engaged in criminal activity corresponded to the times when he was incarcerated. The trial court found that a significant portion of Falcon’s life involved injury to others through violations of persons or their property.
 

 We find that Falcon’s sentence is not constitutionally excessive. The evidence presented at the original trial, the substance of which was not disputed by him during his guilty plea hearing, provided a sufficient factual basis for accepting Falcon’s guilty plea. The record clearly shows that the trial judge considered the appropriate factors in determining the appropriate sentence for this offender. The trial court considered Falcon’s personal
 
 *176
 
 history as well as his criminal history, finding that the defendant could be considered a fourth felony offender for habitual offender purposes. The trial judge opined that the defendant was the type of offender for whom a maximum sentence was appropriate, and he should receive a significant sentence for his criminal action.
 

 | r,Considering the facts of this heinous crime in which a helpless infant senselessly and brutally lost his life as a result of physical abuse, the maximum sentence for this fourth felony offender does not shock the sense of justice nor is it a needless infliction of punishment. The sentence imposed is within the statutory limits and Falcon substantially reduced his sentencing exposure as a result of his plea agreement.
 

 Conclusion
 

 So considering, we find no abuse of discretion by the trial court in this matter. Kevin Falcon’s conviction and sentence are both affirmed.
 

 AFFIRMED.