STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1204

STATE OF LOUISIANA

VERSUS

FELTON HURST, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 298,352
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
Phyllis M. Keaty, Judges.

**CONVICTION OF ATTEMPTED AGGRAVATED
BATTERY IS REVERSED, AND SENTENCE IS SET
ASIDE. JUDGMENT OF ACQUITTAL FOR
AGGRAVATED BATTERY IS ENTERED.
SENTENCE FOR PURSE SNATCHING IS
AMENDED. ALL OTHER SENTENCES ARE
AFFIRMED.**

**James C. Downs**
**District Attorney - 9th Judicial District Court**
**Harold A. Van Dyke III**
**First Assistant District Attorney - 9th Judicial District Court**
**P. O. Drawer 1472**
**Alexandria, LA 71309**
**Telephone: (318) 473-6650**
**COUNSEL FOR:**
      **Plaintiff/Appellee - State of Louisiana**

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457-2057**
**Telephone:  (318) 572-5693**
**COUNSEL FOR:**
  **Defendant/Appellant - Felton Hurst, Jr.**

**Felton Hurst, Jr.**
**Louisiana State Penitentiary**
**Camp J/ Bass**
**Angola, LA 70712**

**THIBODEAUX, Chief Judge.**

In 2009, Felton Hurst, Jr., was charged with the following counts: 1) aggravated battery with a dangerous weapon, a violation of La.R.S. 14:34; (2) aggravated battery with a dangerous weapon, a violation of La.R.S. 14:34; (3) simple robbery, a violation of La.R.S. 14:65; (4) carjacking, a violation of La.R.S. 14:64.2; (5) purse snatching, a violation of La.R.S. 14:65.1; and, (6) simple criminal damage to property, a violation of La.R.S. 14:56(B).

After a bench trial, Hurst was found guilty of attempted aggravated battery in count one, guilty as charged in counts two through five, and guilty of simple criminal damage under $500.00 in count six. For these convictions Hurst received the following consecutive sentences: (1) six months in parish jail; (2) ten years at hard labor; (3) seven years at hard labor; (4) twenty years at hard labor, without benefit of parole, probation, or suspension of sentence; (5) twenty years at hard labor, without benefit of parole, probation, or suspension of sentence; and, (6) six months. The trial court denied a motion to reconsider sentence.

I.

## ISSUES

(1)    We shall consider whether Hurst's conviction of attempted aggravated battery was a patent error where Hurst was charged with an aggravated battery;

(2)    after concluding that the verdict of attempted aggravated battery was non-responsive to the charge of aggravated battery and is a non-crime, we shall examine whether Hurst should be acquitted of the aggravated battery because of double jeopardy where the trial court explicitly acknowledged that it had reasonable doubt as to whether Hurst committed an aggravated battery;

(3)    then, we shall consider whether Hurst's sentence for purse snatching was a patent error where the trial

court sentenced him to twenty years at hard labor without the benefit of probation, parole, or suspension of sentence; and,

(4)     finally, we shall consider whether the maximum consecutive sentences for Hurst's convictions are excessive where all of the convictions are based on the same act or transaction and where the trial court examined in detail factors warranting consecutive sentences.

## II.

## FACTS

On the evening of June 7, 2009, the victim and her mother traveled to Alexandria, Louisiana to go shopping and play bingo. After the victim parked her vehicle on the side of Bingo World, Hurst approached the victim, began pulling on the strap of her purse, and told her to give him her money. Hurst then punched the victim in the left eye, and the two began to struggle and fight for her purse and keys. Hurst gained possession of the victim's purse. Hurst then retrieved the key, got into the victim's car, and attempted to leave. The victim and her mother continued to struggle with Hurst through the opened door, trying to pull him from the car. When Hurst managed to start the car, he put it in reverse, knocking the victim's mother to the ground. Hurst proceeded to smash the victim's car into nearby vehicles. Two civilians attempted to stop Hurst, and law enforcement arrived soon thereafter.

## III.

## LAW AND DISCUSSION

### A) Errors Patent

### *(1) Non-responsive Verdict and Double Jeopardy*

In *State v. Mayeux*, 498 So.2d 701 (La.1986), the defendant was charged with aggravated battery, and the jury returned a verdict of attempted aggravated

2

battery. The appellate court held that the attempted aggravated battery was a non-responsive verdict. As a result, the appellate court reversed the conviction, set aside the sentence, and ordered an acquittal to be entered for aggravated battery. *State v. Mayeux*, 485 So.2d 256 (La.App. 3 Cir.), *rev'd*, 498 So.2d 701 (La.1986). The supreme court affirmed the appellate court's ruling vacating the conviction and setting aside the sentence. Nevertheless, it reversed the appellate court's ruling ordering an acquittal:

> [T]he verdict of the jury was unresponsive to the crime charged and purported to convict of a crime not specifically designated by our legislature. Further we conclude it is beyond the scope of our appellate power to modify the illegal verdict in any fashion. Accordingly, we find the verdict to be wholly invalid and without legal effect to convict or acquit the defendant of aggravated battery or of lesser included responsive offense.
>
> . . . .
>
> DOUBLE JEOPARDY
>
> . . . .
>
> [W]e conclude the Fifth Amendment does not bar retrial when a jury's verdict, containing a nonwaivable defect, must be set aside by an appellate court. The jury rendered an illegal verdict. It purported to convict of a crime unresponsive under art. 814 and unspecified in our criminal law. It amounted simply to conviction of a non-crime. As such it could operate neither as a conviction nor acquittal. Naturally it should not have been received by the trial judge. After having been received, the verdict may not be modified or reformed on appeal. Accordingly, the appropriate action is to set aside the conviction and remand for retrial.

*Mayeux,* 498 So.2d at 704-05.

Following the supreme court's decision, the defendant was retried and convicted of aggravated battery. Eventually, the federal district court reversed the conviction based on double jeopardy. *Mayeux v. Belt*, 737 F.Supp. 957 (W.D. La. 1990). The federal court concluded that the jury in the first trial was given a full

opportunity to return a verdict on the greater charge but, instead, found the defendant guilty of attempt. The court pointed out that the trial court had instructed the jury that a verdict of attempt could be returned if the jurors were not convinced that Mayeux was guilty of aggravated battery, and the jury acquitted Mayeux of aggravated battery. The federal district court concluded that the second trial put the defendant in jeopardy a second time.

In *State v. Campbell*, 94-1268 (La.App. 3 Cir. 5/3/95), 657 So.2d 152, *aff'd in part & vacated in part*, 95-1409 (La. 3/22/96), 670 So.2d 1212, two defendants were indicted for jury tampering. The jury returned a verdict of attempted jury tampering. The defendants' motion for arrest of judgment because the crime of attempted jury tampering did not exist was denied. The defendants appealed.

This court explained that the elements of attempted jury tampering "support a conviction for the completed offense, and that this is exactly what the legislature desired in enacting the statute. Any attempt at jury tampering is subsumed into the statute." *Id.* at 155. Consequently, this court vacated the defendants' convictions and set aside the sentences. Then, this court followed the federal court's decision in *Mayeux*, 737 F.Supp. 957, and ordered that acquittals be entered.

The State appealed. The supreme court affirmed this court's ruling vacating the convictions and setting aside the sentences based upon the non-responsive verdicts. *Campbell*, 670 So.2d 1212. Nevertheless, the supreme court reversed this court's ruling that ordered acquittals on the original charges. *Id.* The court explained that attempted jury tampering *is* jury tampering under Louisiana law. *Id.* Thus, whether the defendants communicated or attempted to communicate with a juror through an intermediary for the purpose of influencing the outcome of the trial, "the jury's return of the purportedly lesser verdicts of attempt [did not] *necessarily* and implicitly" acquit the defendants of any material element of the

4

crimes charged. *Id.* at 1214. Thus, the supreme court concluded that a retrial of the defendants would not constitute double jeopardy. *Id.*

Here, Hurst was charged with an aggravated battery but was convicted of attempted aggravated battery. This verdict was non-responsive. Furthermore, attempted aggravated battery is not specified as a crime in Louisiana, making the verdict illegal. Accordingly, we reverse the conviction of attempted aggravated battery and set the sentence aside.

Like the defendant in *Mayeux*, Hurst was charged, among other things, with aggravated battery. Like the *Mayeux* trial court, the trial court here found Hurst guilty of attempted aggravated battery. Unlike *Campbell*, where the supreme court, distinguishing *Mayeux*, concluded that attempted jury tampering *is* jury tampering, attempted aggravated battery *is certainly not* an aggravated battery. Finally, unlike *Campbell* or *Mayeux*, the trial judge specifically found: "*I do have a reasonable doubt as to whether or not an aggravated battery was committed . . . .*" (emphasis added).

Thus, we again express the sentiment previously articulated: "[w]hile we would prefer to follow the ruling of the Louisiana Supreme Court in *State v. Mayeux*, . . . we refuse to waste the limited judicial resources of this state in vain and futile acts." *Campbell*, 657 So.2d at 156. Therefore, we enter an acquittal on the charge of aggravated battery.

### *(2) Excessive Sentence*

The trial court imposed an illegally excessive sentence on the conviction of purse snatching. The trial court sentenced Hurst to twenty years at hard labor without the benefit of probation, parole, or suspension of sentence. Louisiana Revised Statutes 14:65.1 does not prohibit the benefits of probation, parole, or

suspension of sentence. Although the trial court has discretion to refuse to suspend the sentence, the trial court does not have discretion to deny parole eligibility when the penalty provision does not authorize such a denial. Accordingly, this court amends Hurst's sentence to delete the denial of parole. *See State v. Yancy,* 93-2798 (La. 5/31/96), 673 So.2d 1018; *State v. Buckley,* 02-1288 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193. *See also State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42 (stating that an appellate court should not rely on the self-activating provisions of La.R.S. 15:301.1 when the trial court imposes limits beyond those statutorily authorized). This court also instructs the trial court to make an entry in the minutes reflecting this change. *See State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519.

### (3) Post-Conviction Relief

The record indicates that the trial court did not advise Hurst of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Thus, we order the trial court to inform Hurst of the provisions of Article 930.8 by sending appropriate written notice to Hurst within ten days of the rendition of this opinion and to file written proof in the record that Hurst received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

### (4) Minutes

The minutes of sentencing are in need of correction. The transcript of the sentencing proceeding reflects that the trial court imposed Hurst's sentence for carjacking without the benefit of parole, probation, or suspension of sentence. Nevertheless, the court minutes do not reflect this. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La.

9/21/01), 797 So.2d 62 (citing *State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624). Thus, we instruct the trial court to amend the minutes of sentencing to correctly reflect the sentence the trial court imposed on the conviction of carjacking. *See State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352.

### B) Excessive Sentence as Cruel or Unusual Punishment

#### *(1) Imposition of Maximum Sentences*

"No law shall subject any person . . . to cruel, excessive, or unusual punishment." La.Const. art. 1, § 20.

> To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman,* 99-1528, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). The following factors help to decide whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals: "the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment[,] and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citing *State v. Smith*, 99-606, 99-2015, 99-2019, 99-2094 (La. 7/6/00), 766 So.2d 501). Although a comparison of sentences imposed for similar crimes can be helpful, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *Id.* (quoting *State v. Batiste*, 594 So.2d 1, 3 (La.App. 1 Cir. 1991)). Because the trial

7

court is in the best position to evaluate the aggravating and mitigating factors of a particular case, "it is within the purview of the trial court to particularize the sentence." *Id.* Finally, "[a]s a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169 (citing *State v. Grissom*, 29,718 (La.App. 2 Cir. 8/20/97), 700 So.2d 541; *State v. Walker*, 573 So.2d 631 (La.App. 2 Cir. 1991)).

Here, the trial court considered more than the violent nature of Hurst's actions when it imposed maximum sentences. For each conviction, the trial court provided in detail the various facts that impacted its decision to impose maximum sentences. The court also cited related jurisprudence in support of its decision.

Moreover, the trial court considered Hurst's criminal history that included a conviction for purse snatching, multiple drug convictions, and a felon in possession of a firearm conviction. The trial court also observed that Hurst's conduct created a risk of death or great bodily harm to more than one person, resulted in significant injury to the victims, and showed no regard for the possible consequences of his actions. Last, the trial court found that Hurst should have known that the victims were incapable of effectively resisting him because of the surprise nature of the attack. Considering the trial court's thorough recitation of the aggravating facts and the jurisprudence, the trial court did not err in imposing the maximum sentences for these offenses.

### *(2) Imposition of Consecutive Sentences*

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively

unless the court expressly directs that some or all of them be served concurrently.

La.Code Crim.P. art. 883. Before the trial court may impose consecutive sentences, it "must articulate particular justification for such a sentence beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040 (citing *State v. Pittman,* 604 So.2d 172 (La.App. 4 Cir. 1992), *writ denied*, 610 So.2d 796 (La.1993)). The following factors may be considered:

> the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the defendant's apparent disregard for the property of others, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain.

*State v. Thibodeaux*, 05-1187, pp. 8-9 (La.App. 3 Cir. 3/1/06), 924 So.2d 1205, 1211, *writ denied*, 06-700 (La. 10/6/06), 938 So.2d 65 (quoting *State v. Coleman*, 32,906, p. 42 (La.App. 2 Cir. 4/5/00), 756 So.2d 1218, 1247-48, *writ denied*, 00-1572 (La. 3/23/01), 787 So.2d 1010) (citations omitted).

Here, before imposing consecutive sentences, the trial court first acknowledged the application of Article 883. Next, the trial court noted that Louisiana courts have adhered to the general rule of imposing concurrent sentences for crimes arising from a single course of criminal conduct. The court also added that under Article 883, consecutive sentences may be imposed on Hurst based on his extensive criminal record, the violent nature of his conduct, and the obvious risk he poses to public safety.

The trial court then discussed in great detail the factors it considered in determining whether consecutive sentences were warranted:

9

In *State versus Massey* [08-839 (La.App. 3 Cir. 12/10/08), 999 So.2d 343] the Third Circuit applied the factors to be considered by the trial court when imposing consecutive sentence. Number one, the defendant's criminal history. Mr. Hurst's criminal history is extensive. He has previous convictions of Purse Snatching, Possession Of Cocaine, Attempted Possession Of A Firearm By A Convicted Felon, Possession Of Marijuana Second Offense. In this case he's been convicted of Attempted Aggravated Battery, Aggravated Battery, Simple Robbery, Carjacking, Purse Snatching, and Simple Criminal Damage to Property Under Five Hundred. The gravity . . . another factor is the gravity or seriousness or dangerousness of the offense. Certainly the victim impact statements have demonstrated the impact this violent crime had and the continuing cause at ha, the continuing pain it causes the victim.

The viciousness of the attack: Mr. Hurst attacked several, attacked innocent women for several minutes, refusing to stop, in fact getting into their car and still refusing to stop, endangering several bystanders, hitting one of the victims with the car, and refusing to stop until the tires of the car were shot out.

The harm done to the victims: Both, ah, Jennifer Thomas and Patricia Nelson have been forever changed by this attack. Ms. Thomas is, Ms. Thomas is in counseling for post-traumatic distress disorder and has purchased a firearm for her personal safety. She no longer trusts anybody and takes medi, medicine for anxiety. Patricia Nelson lives with the fact she was run over by a car and is scared when people approach her. She suffered serious personal injury for which she continues to incur out of pocket expenses.

Another factor is whether the Defendant constitutes an unreasonable risk of danger to the public. Clearly Mr. Hurst has demonstrated with his history that he's, he's an unusual risk of danger to the public because he continues to engage in violent crimes, particularly purse snatching. Another factor is the Defendant's apparent disregard for the property of others. It goes without saying after sitting through the trial that Mr. Hurst had no regard for the vehicle he used to try to escape, he refused to stop, he caused damage to the vehicle. He certainly had no regard for the physical well being of the victims in this matter.

Another factor is the potential of the Defendant's rehabilitation. Mr. Hurst's criminal history and his continued commission of violent crimes indicates to this court there is no potential for rehabilitation. He was

previously on probation for purse snatching, had his probation revoked. While on probation he committed three more felonies including Attempted Possession of a Firearm by a Convicted Felon. Applying the foregoing factors the sentences in this case will run consecutive.

We conclude that the trial court adequately expressed its reasons for imposing consecutive sentences. The record quoted above demonstrates the particular justification required for the imposition of consecutive sentences. Accordingly, this assignment of error is without merit.

## IV.

## CONCLUSION

Hurst's conviction of attempted aggravated battery is reversed, and his sentence is set aside. We order an acquittal to be entered for aggravated battery. Hurst's sentences for aggravated battery, simple robbery, carjacking, and simple criminal damage under $500.00 are affirmed. Hurst's sentence imposed on the conviction of purse snatching is amended, deleting the portion of the sentence prohibiting parole. The trial court is instructed to note the amendment in the court minutes. Thus, Hurst's sentence for purse snatching is affirmed as amended. Additionally, the trial court is directed to inform Hurst of the provisions of article 930.8 by sending an appropriate written notice to Hurst within ten days of the rendition of this opinion and to file written proof in the record that Hurst received the notice. Finally, the trial court is instructed to amend the minutes of sentencing to correctly reflect the sentence imposed by the trial court on the conviction of carjacking.

**CONVICTION OF ATTEMPTED AGGRAVATED BATTERY IS REVERSED, AND SENTENCE IS SET ASIDE. JUDGMENT OF ACQUITTAL FOR AGGRAVATED BATTERY IS ENTERED. SENTENCE**

**FOR PURSE SNATCHING IS AMENDED.  ALL OTHER SENTENCES ARE AFFIRMED.**