STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-189

STATE OF LOUISIANA

VERSUS

GREGORY BURNETT COLLIER

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 68548
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Don M. Burkett
District Attorney, Eleventh Judicial District Court
Anna Garcie
Assistant District Attorney
P. O. Box 1557
Many, LA 71449
(318) 256-6246
COUNSEL FOR APPELLEE:
    State of Louisiana

**Paula C. Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Gregory Burnett Collier**

**Gregory Burnett Collier**
**Louisiana State Penitentiary**
**Walnut 1, Bed 43**
**Angola, LA 70712**
**PRO SE**

**GREMILLION, Judge.**

Very late one October evening, a man knocked on the door of elderly victims, Rufus and Neva Kelly, in Sabine Parish. Mrs. Kelly was already in bed, and Mr. Kelly opened the door. The man charged into the house with a gun drawn. He swung the pistol at Mr. Kelly, who "caught the blow" on his hand. The gunman shoved the pistol under Mr. Kelly's chin and announced that a robbery was in progress. Upon learning that another person was in the house, the robber walked Mr. Kelly back to the bedroom where they found Mrs. Kelly waiting with a small-caliber rifle. The gunman threatened to kill her husband if she did not relinquish the weapon, so she complied. At that point, a second man entered the house; he was masked. On the advice of the second man, the initial offender also donned a mask. The two offenders then collected money in various locations throughout the house. They also took Mrs. Kelly's cellular telephone and Mr. Kelly's straw hat.

The offenders then duct-taped the victims' hands behind their backs and ordered them to sit in the living room. When the robbers left the house, they were met by a getaway driver. Subsequently, police identified and apprehended the offenders.

The State filed a bill of information charging Defendant, Gregory Burnett Collier, and co-defendant, Dennis Thompson, with one count each of armed robbery, a violation of La.R.S. 14:64, and home invasion, a violation of La.R.S. 14:62.8.[1] The jury heard evidence and returned guilty verdicts of home invasion and first degree robbery.

---

[1]Although he was tried along with his co-defendant, this appeal addresses only Gregory Collier.

The trial court sentenced Defendant to twenty-five years at hard labor for home invasion and forty years at hard labor for first degree robbery. The sentences are to be served consecutively without benefit of parole. Defendant filed a Motion to Reconsider Sentence, which the trial court denied the next day without reasons or a hearing.

Defendant appeals his sentences and his conviction for home invasion, assigning four errors:

1. There was insufficient evidence to sustain a conviction of the charge of Home Invasion.

2. The sentencing judge failed to articulate for the record sufficient reasons to justify the individual sentences imposed or the consecutive nature of the two.

3. The sentences are harsh and excessive to the degree that they are cruel and unusual punishment considering the victims suffered no injuries as a result of the crime; the property taken was of minor value and the sentence imposed in this case is excessive.

4. The trial court erred in imposing an enhanced sentence based on the age of the victims in the absence of that allegation in the bill of information and a specific finding of that fact by the jury in this case.

## SUFFICIENCY OF THE EVIDENCE

In his first assignment of error, Defendant argues that the evidence at trial was insufficient to support his conviction for home invasion. The analysis for such a claim is settled and has been explained by this court:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and

therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. See *State ex rel. Graffagnino*, 436 So.2d 559 (citing *State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Home invasion is defined by La.R.S. 14:62.8, which states in pertinent part:

Home invasion is the unauthorized entering of any inhabited dwelling, or other structure belonging to another and used in whole or in part as a home or place of abode by a person, where a person is present, with the intent to use force or violence upon the person of another or to vandalize, deface, or damage the property of another.

Defendant argues that the State failed to prove the intent element of the crime, as the evidence did not demonstrate that he intended to use force or violence upon the Kellys. He notes that Mr. Kelly testified that Defendant swung at him but thought Defendant was only trying to get him to move back. Defendant also argues that he and his partner did not want to hurt the victims and did not hurt them. He cites testimony by Alice Maxie, Thompson's ex-girlfriend, regarding Thompson's statement to her that he and Defendant did not plan to hurt anyone.

While Defendant may not have initially intended to use force, the record shows that he entered the Kelly home with a firearm and jammed it under Mr. Kelly's chin. When Mrs. Kelly mounted a defense, Defendant threatened to kill her husband. Defendant duct-taped the victims' hands behind their backs. These actions demonstrate that during the robbery Defendant intended to use force or violence against the victims. We find no merit to this assignment of error.

**CONSECUTIVE SENTENCE**

In his second assignment of error, Defendant argues that the trial court did not state sufficient reasons to support the consecutive sentences.

3

Louisiana Code of Criminal Procedure Article 883 states:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

At the sentencing hearing, the court gave the following reasons for the sentences:

> I note that you are now a fifth felony offender. I've noted in the PSI, that before I sentence you, you may wish to make a statement and you certainly may. I've noted the victim impact statement. I've noted your criminal history and as I stated earlier, you're a fifth felony offender and you have a history regarding, among other things, burglary and aggravated burglary although it was reduced later to simple burglary. I've noted your social history and I looked at the sentencing guidelines and I note the sentence that I'm going to hand down, a lesser sentence would, in my opinion, deprecate the seriousness of this crime. I also note the victims were elderly and your atrocious criminal history and of course the impact that your crime has had on the victims.
>
> . . . .
>
> Regarding the home invasion and because at least, under the home invasion statute 14:62.8B(2), whoever commits the crime of home invasion when at the time of the unauthorized entering there is present in the dwelling or structure any person who, in this case, is sixty-five years or older, then there's enhanced penalty. In that case, sir, I'm going to sentence you to twenty-five years at hard labor without parole. Regarding the first degree robbery, the sentence of the court, sir, is forty years at hard labor without parole. These sentences are to be consecutive with one another; credit for time served.

These sentences clearly arose from the same transaction. Thus, they would have run concurrently but for the trial court's express direction that they be served consecutively. This court has explained that before a consecutive sentence may be imposed the trial court "must articulate particular justification for such a sentence

4

beyond a mere articulation of the standard sentencing guidelines set forth in La.C.Cr.P. art. 894.1." *State v. Hurst*, 10-1204, p. 9 (La.App. 3 Cir. 4/13/11), 62 So.3d 327, 334, *writ denied*, 11-975 (La. 10/21/11), 73 So.3d 383 (citing *State v. Dempsey*, 02-1867, p. 5 (La.App. 4 Cir. 4/2/03), 844 So.2d 1037, 1040). The *Hurst* Court cited some of the factors that should be considered:

> the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, the defendant's apparent disregard for the property of others, the potential for the defendant's rehabilitation, and whether the defendant has received a benefit from a plea bargain.

> *Id.*

We find that the trial court articulated particular justification for its consecutive sentencing. It noted that Defendant had an "atrocious criminal history" highlighted by five felony convictions. Furthermore, it noted that the victims were elderly and that this crime had an impact on their lives. It also noted that Defendant's social history had been considered. Further, the trial court made it clear that it had considered handing down a lesser sentence but determined that doing so would deprecate the seriousness of the crime. Accordingly, we find the trial court did not err in its imposition of consecutive sentences.

## EXCESSIVE SENTENCE

In his third assignment of error, Defendant argues that his maximum sentences are inappropriate because he is not the worst kind of offender for these offenses. In regards to reviewing excessive sentences this court stated:

> The relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615,

136 L.Ed.2d 539 (1996). To constitute an excessive sentence, this court must find the penalty imposed is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals; and, therefore, it is nothing more than needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96); 670 So.2d 713.

*State v. Dubroc*, 99-730, p. 22 (La.App. 3 Cir. 12/15/99); 755 So.2d 297, 311.

The trial court must pay heed to the sentencing guidelines and state the factors it considers in imposing sentences. La.Code Crim.P. art 894.1 (B) and (C). "[M]aximum sentences are appropriately imposed only for the most serious violation of the described offense and for the worst kind of offender." *State v. McKnight*, 98-1790, p.24 (La.App. 1 Cir. 6/25/99), 739 So.2d 343, 359, *writ denied*, 99-2226 (La. 2/25/00), 755 So.2d 247.

As previously noted, Defendant has a lengthy criminal history involving similar violent crimes. His use of force against the elderly victims qualifies Defendant as the worst kind of offender. The trial court's imposition of the maximum sentence does not shock this court's sense of justice. As such, we find that the trial court did not abuse its discretion.

### ENHANCED SENTENCE

In his final assignment of error, Defendant argues that his sentence for home invasion violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), because the trial court relied upon the victims', or at least one victim's, advanced age in formulating the sentence despite the age not being in the bill of information.

Although the State concedes the error, it argues that the error was harmless. We agree.

The State must explicitly note in the bill of information that the enhanced sentence provision is applicable to a defendant, and the trial court must include a jury instruction reflecting the ages of the victim and defendant. *State v. Ardoin*, 10-1018 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, *writ denied*, 11-653 (La. 10/14/11), 74 So.3d 218. However, a harmless error analysis is applicable in instances where these requirements are not met. *Id.*

Pursuant to *Apprendi*, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362-63.

In *State v. Gibson*, 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied*, 10-802 (La. 11/5/10), 50 So.3d 814, the defendant received an enhanced penalty because the victim was under thirteen years old. The defendant argued that neither the jury's verdict nor the jury's instructions referenced the age requirements that would subject him to the enhanced penalty. The trial court noted that the State should have provided the enhanced sentence provision in the bill of information and should have included a jury instruction reflecting the ages of the victim and the defendant. However, the error was subject to a harmless error analysis, and the fact that the victim's date of birth was found in the bill of information was sufficient despite the *Apprendi* violation.

Mr. Kelly was asked his age at trial and he responded seventy-four years. Mrs. Kelly testified she was sixty-seven years old at the time of the crime. No evidence was adduced which would have refuted this testimony. Applying these points in light of *Ardoin* and *Gibson*, we find that the error is harmless.

## DECREE

Defendant's convictions and sentences are affirmed.

**AFFIRMED**.