878 So.2d 849 (2004)
STATE of Louisiana
v.
Jamey Joseph ALBARADO
No. 2003 KA 2504.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Rehearing Denied August 18, 2004.
*850 Donald Gandell, Assistant District Attorney, Gonzales, Counsel for Plaintiff/Appellee State of Louisiana.
M. Michele Fournet, Baton Rouge, Counsel for Defendant/Appellant Jamey Joseph Albarado.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
The defendant, Jamey Joseph Albarado, was charged by grand jury indictment with one count of aggravated crime against nature (count I), a violation of La. R.S. 14:89.1, and with one count of indecent behavior with a juvenile (count II), a violation of La. R.S. 14:81. Pursuant to a plea bargain, the State agreed to nolle prosequi count I, and the defendant pled guilty to count II. On count II, the defendant was sentenced to seven years at hard labor and ordered to complete all sex offender notifications and registrations upon his release from prison. He moved for reconsideration of sentence, but the motion was denied. Albarado appealed, designating two assignments of error. However, one of the assignments of error was withdrawn by the appellant prior to oral arguments in this case. We affirm the conviction and sentence.

FACTS
Due to the defendant's guilty plea, there was no trial testimony concerning the facts in this matter. However, the State set forth a factual basis for count II at the Boykin hearing in this case. The defendant agreed with the factual basis.
The factual basis was as follows: On various occasions between October 25, 2001 and December 2, 2001, the defendant, date of birth February 18, 1969, committed indecent behavior with a juvenile, date of birth January 15, 1986, by open-mouth kissing her, by touching her breasts and vaginal area both over and under her clothing, by having the juvenile touch the defendant's penis both over and under his clothing, and by performing oral sex upon the juvenile. The indecent acts occurred with the juvenile student at Ascension Catholic High School on the school grounds, at school sponsored events, on bus trips, and at a private residence in the parish of Ascension.

EXCESSIVE SENTENCE
In his sole remaining assignment of error, the defendant contends the trial court violated his constitutional right against excessive punishment by imposing the maximum sentence upon him. He cites a host of other decisions, claiming the defendants therein received lesser sentences than he did in the instant case for conduct more reprehensible than the conduct in the instant case.
Article I, section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more *851 than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Hurst, 99-2868, pp. 10-11 (La.App. 1st Cir.10/3/00), 797 So.2d 75, 83, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 962.
Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893. La. R.S. 14:81(C). The defendant was sentenced to seven years at hard labor and ordered to complete all sex offender notifications and registrations upon his release from prison.
The trial court filed extensive reasons for sentence in this matter, to-wit:
This is the case of a thirty-four (34) year old white male officially classified as a first felony offender who pled guilty to the offense of Indecent Behavior with a Juvenile on February 18, 2003. Sentencing was deferred and a Pre-Sentence Investigation Report was ordered and is filed herein and attached hereto and made a part hereof by reference and has been made available to the defendant and his counsel.
On various occasions between October 25, 2001 and December 2, 2001, Jamey Albarado committed indecent behavior with a juvenile by open-mouth kissing her, touching her breasts and vaginal area, both over and under her clothes and having the victim touch his penis both over and under his clothes, and by performing oral sex upon the victim. The indecent acts occurred with this juvenile student at Ascension Catholic High School on school grounds, at school sponsored events on bus trips and at a private residence within the Parish of Ascension.
The Court has decided to incarcerate this defendant and will state for the record, its reasons therefore as mandated by Article 894.1 of the Code of Criminal Procedure.
The Court believes that there is an undue risk that during the period of a suspended sentence or probation that this defendant would commit another crime; that he is [in] need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution and that any lesser sentence than the one to be imposed herein would deprecate the seriousness of this offense.
Aside from the serious nature of the crime perpetrated by this defendant upon this naive student is the fact that he exploited his position as a teacher who supervised this child and who betrayed this trust.
Obviously the scarring effect of the defendant's actions upon the victim is of monumental proportion and it is quite possible that the life of the victim will never be the same.
The totality of circumstances in this case persuades this Court that there is an undue risk that the defendant may become involved in similar crimes in the future were he placed on probation and such a risk with the precious lives of our community is not one that this Court is prepared to take.

*852 In considering the facts relative to suspension of sentence or probation, this Court makes the following findings:
As [has] been previously mentioned, the defendant caused serious harm to the victim. It would be hard for this Court to convince itself that he was not aware of the serious harm being inflicted upon the student and the only justification or provocation which the Court finds is the defendant's desire to satisfy his own feelings of lust. Therefore, there are no substantial grounds tending to excuse or justify the defendant's conduct.
According to the Pre-Sentence Investigation Report, this defendant does not have a history of prior delinquency or criminal activity prior to the instant offense and just the opposite, he has led a law abiding life for a substantial period of time before the commission of the present [offense]. However, he has serious charges pending as previously mentioned.
The Court believes that the criminal conduct resulted from criminal circumstances that would likely recur and this defendant would possibly commit similar crimes in the future and for these reasons, the Court feels that he may not likely affirmatively respond to probationary treatment.
The Court firmly believes to inflict such serious physical, as well as psychological harm upon this young victim, is a crime of the magnitude which requires incarceration. It is hoped that this incarceration, together with whatever treatment this defendant may receive, may enable him to control his problems and perhaps at some point, become a respected member of the community.
The Court is keenly aware of the crisis proportion of the problem in this country of sexual child abuse and molestation of children in general.
Failure to incarcerate this defendant would seriously deprecate the seriousness of these crimes, and in some measure, would perpetrate [sic] this problem in general.
One of the factors listed under Article 894.1 is that the offender knew or should have known that the victim of these offenses was particularly vulnerable or incapable of resistance due to youth. Clearly this factor applies in this case, as the defendant had gained the trust of his student. Mr. Albarado clearly took advantage of her and her vulnerability. Teachers have incredible influence on their students. Mr. Albarado also betrayed the trust of his students, their parents and his employer.
As has been previously mentioned, this offense has resulted in a significant permanent psychological injury to the victim.
The sentencing comparisons made by the defendant are of little value. It is well settled that sentences must be individualized to the particular offender and to the particular offense committed. State v. Banks, 612 So.2d 822, 828 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1254 (La.1993). The sentence imposed on count II was not grossly disproportionate to the severity of the offense, and thus, was not unconstitutionally excessive.
Further, the record fully supports imposition of a maximum sentence for count II. Maximum sentences may be imposed for the most serious offenses and the worst offenders, or when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. State v. Miller, 96-2040, p. 4 (La.App. 1st Cir.11/7/97), 703 So.2d 698, 701, writ denied, 98-0039 (La.5/15/98), 719 So.2d 459. Count II was the most serious *853 offense because, as noted by the trial judge, "the scarring effect of the defendant's actions upon the victim [was] of monumental proportion and it is quite possible that the life of the victim will never be the same." The defendant was the worst offender because, also as noted by the trial judge, "[the defendant] exploited his position as a teacher who supervised [the victim] and who betrayed this trust."
Additionally, in imposing a maximum sentence, a court may consider the fact that the defendant's penalty exposure was significantly reduced due to plea-bargaining. See State v. Lanclos, 419 So.2d 475, 478 (La.1982). The plea bargain in the instant case resulted in the defendant avoiding a penalty on count I of imprisonment at hard labor for not less than three nor more than fifteen years without benefit of suspension of sentence, probation, or parole. See La. R.S. 14:89.1(B).
Although the sentence imposed in this case is severe, we cannot say that the trial court abused its wide discretion, considering defendant's reduced penalty-exposure due to the plea bargain, as well as the gravity of the offense and the position of control that the defendant was in as the victim's teacher and coach. This assignment of error is without merit.

DECREE
For the above reasons, the defendant's conviction and sentence are affirmed. Costs of this appeal are assessed to defendant, Jamey Joseph Albarado.
CONVICTION AND SENTENCE AFFIRMED.