WILLIAMS, J.
 

 h The defendant, Kevin Haltom, was charged by separate bills of information with one count of indecent behavior with a juvenile (LSA-R.S. 14:81), one count of computer-aided solicitation of a minor (LSA-R.S. 14:81.3), one count of attempted carnal knowledge of a juvenile (LSA-R.S. 14:27 and 14:80), and seven counts of pornography involving juveniles (LSA-R.S. 14:81.1). Pursuant to a plea agreement, the defendant pled guilty to indecent behavior with a juvenile and the state agreed to
 
 not pros
 
 the nine remaining charges pending against the defendant. The trial court imposed a sentence of 7 years at hard labor with all but 5-1/2 years suspended, 5 years of active supervised probation and a fíne of $5,000. Defendant appeals his sentence as excessive. For the following reasons, we affirm.
 

 DISCUSSION
 

 The record shows that between March 19, 2007 and May 8, 2007, the defendant visited an internet “chat room” and contacted a deputy sheriff, who was posing as a 14-year-old girl as part of an undercover investigation. In the course of these communications, defendant arranged to meet the person he believed to be an underage girl at a mall in Bossier City and take her to a hotel to have sex. The defendant was arrested at the mall on May 8, 2007. A subsequent analysis of the defendant’s computer hard drive allegedly revealed 14 images and 11 videos of child pornography. The defendant was charged with one count of indecent behavior with a juvenile, one count of computer-aided solicitation of a minor, one count of attempted carnal knowledge of a juvenile, and seven counts of pornography involving juveniles. As a result of a plea bargain, defendant pled guilty to indecent | ¡¡behavior with a juvenile and the other pending charges were dismissed. The district court sentenced defendant to serve 7 years at hard labor with all but 5-1/2 years suspended, along with a fíne of $5,000 and 5 years of active supervised probation with special conditions, including compliance with a safety plan recommended by a psychologist, counseling during incarceration and probation, no access to a computer and no drug or alcohol use. The defendant’s motion to reconsider sentence was denied. This appeal followed.
 

 The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the maximum sentence of imprisonment is not appropriate in this case, based on his lack of criminal history and his efforts at rehabilitation.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical com
 
 *710
 
 pliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the 1 ^defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La. App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351.
 

 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166.
 

 Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Germany,
 
 43,-239 (La.App.2d Cir.4/30/08), 981 So.2d 792. A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion we will not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939. The penalty for indecent behavior with a juvenile is imprisonment with or without hard labor for not more than seven years, or a fine of not more than $5,000, or both, provided the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893. LSA-R.S. 14:81(H)(1).
 

 Prior to imposing sentence, the district court reviewed a presentence investigation report, which included the facts of the case and defendant’s social history. The court was aware of defendant’s educational and employment background. The court noted that defendant was a 32-year-old first felony offender, that he had expressed remorse and that he had received counseling from Dr. Mark Vigen and a minister. However, the court pointed out that defendant made preparations to meet with a 14-year-old girl to have sex and that child pornography was found on his computer.
 

 In addition, the court stated that it had considered the report of Dr. Mark Vigen, a psychologist, who performed a psychological evaluation of the defendant. In the report, Dr. Vigen stated that he did not view the defendant as “a high risk for sexually acting out in inappropriate ways with underage females.” Thus, Dr. Vi-gen’s opinion suggests that the defendant continued to present some risk of such behavior. Based upon the considerations referenced above, the court found that any lesser sentence would deprecate the seriousness of the offense committed. The court also noted that the defendant bene-fitted from a reduction in potential exposure to | .^confinement through the plea bargain, which resulted in the dismissal of the additional charges pending against him.
 

 
 *711
 
 The record demonstrates that the district court was cognizant of the appropriate factors in determining the defendant’s sentence. The court adequately articulated the factual basis for the imposition of this sentence, which is neither grossly disproportionate to the severity of the offense committed nor an abuse of the court’s discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.
 

 We have examined the record for error patent and found none.
 

 CONCLUSION
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.