NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1140

STATE OF LOUISIANA

VERSUS

TORINO ADARRYL CORMIER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 28065-12
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and J. David Painter, Judges.

AFFIRMED.

**John Foster DeRosier**
**14th JDC District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLEE:**
 **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Torino Adarryl Cormier**

**Karen C. McLellan**
**14th JDC, Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**(337) 437-3400**
**COUNSEL FOR PLAINTIFF APPELLEE:**
 **State of Louisiana**

**SAUNDERS, Judge.**

Defendant, Torino Cormier, was indicted on three counts of aggravated incest on September 20, 2012. On December 17, 2012, the State reduced one count to indecent behavior with a juvenile, a violation of La.R.S. 14:81, and dismissed the remaining two counts. Defendant pled guilty accordingly. The trial court ordered a presentence investigation report to be completed. He was sentenced on March 13, 2013, to seven years at hard labor.[1] Defendant filed a Motion to Reconsider Sentence on March 19, 2013. A hearing was held on April 19, 2013, and following arguments, the motion was denied.

Defendant has perfected a timely appeal, wherein he alleges the sentences imposed were excessive under the circumstances. However, for the following reasons, we find there is no merit to this assignment of error.

## FACTS

On or about June 23, 2012, Defendant, with the intent of arousing or gratifying the sexual desires of either person, fondled the victim's breasts and/or touched her vaginal area with his hands. At the time of the offense, the victim was under the age of seventeen and there was an age difference of greater than two years between the victim and Defendant.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR

---

[1] Defendant was also sentenced at the same time on a conviction for possession of a controlled dangerous substance, Schedule II. Defendant was sentenced to five years at hard labor on the conviction for possession and the sentences were ordered to be served consecutively. An appeal has been filed concerning this sentence under this court's docket number 13-1141.

Defendant argues that the sentences are excessive. Defendant was also sentenced to the maximum sentence of five years on the conviction for possession of cocaine on the same date, to be served consecutively with the seven year sentence. It is not clear from Defendant's brief whether he is arguing that the maximum sentence imposed on the conviction for indecent behavior with a juvenile is excessive by itself, the maximum sentence imposed on the conviction for possession of cocaine is excessive, or that the two sentences together are excessive. In his Motion to Reconsider Sentence, while mentioning both sentences, he alleged only that "the sentence is unconstitutionally excessive."

Pursuant to La.Code Crim.P. art. 881.1(E), we find that review of the defendant's excessiveness claim is precluded. Article 88.1(E) states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Additionally, in *State v. Bamburg*, 00-675 (La.App. 3 Cir. 11/2/00), 772 So.2d 356, the defendant failed to object to the sentence imposed at the sentencing hearing and did not timely file a motion to reconsider sentence. Thus, this court found his claim of excessiveness of sentence was barred. *See also State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La. 1/31/03), 836 So.2d 59. Therefore, the sentences will be reviewed under a bare excessiveness claim. *See State v. Clark*, 06-508 (La.App. 3 Cir. 9/27/06), 940 So.2d 799, *writ denied*, 06-2857 (La. 9/21/07), 964 So.2d 324.

The statute regarding indecent behavior with a juvenile, in pertinent part, provides that "[w]hoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both[.]" La.R.S. 14:81(H)(1). The

2

statute pertaining to possession of controlled dangerous substances, in pertinent part, provides that "[a]ny person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars." La.R.S. 40:967(C)(2). Defendant received the maximum terms of imprisonment in both cases.

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331). Furthermore, the appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. "In reviewing a trial court's sentencing discretion, three factors are considered: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts." *State v. Pearson*, 07-332, p. 15-16 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. Finally, "where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a

3

significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *State v. Falcon*, 44,829, p. 4 (La.App. 2 Cir. 10/28/09), 26 So.3d 172, 175.

In brief, Defendant argues he is entitled to lesser sentences because at the sentencing hearing, his wife "addressed the court and asked for leniency. She also read a letter from the victim in which the victim forgave Torino and wished that they could all be 'one big happy family again.'" Furthermore, Defendant took responsibility for his actions as "evidenced by his pleas of guilty."

As noted above, Defendant was originally charged with three counts of aggravated incest, an offense which carries a range of imprisonment from five to twenty years with or without hard labor on each count. La.R.S. 14:78.1(D)(1). Because the victim alleged three separate occurrences, Defendant could have received consecutive sentences and was facing potentially fifteen to sixty years imprisonment. The trial court further noted at the sentencing hearing that it had reviewed the presentence investigation report and Defendant had a long history of offenses involving victims: resisting arrest, simple robbery, several domestic abuse battery charges, and a conviction for cruelty to a juvenile. Defendant's arrest record also includes several drug-related charges, driving while intoxicated, and several misdemeanor offenses of simple kidnapping, simple battery, and no driver's license and switching license plates.

By way of comparison to similarly situated defendants, in *State v. Albarado*, 03-2504 (La.App. 1 Cir. 6/25/04), 878 So.2d 849, *writ denied*, 04-2231 (La. 1/28/05), 893 So.2d 70, the first circuit found that the trial court acted within its discretion when it imposed a maximum sentence of seven years for indecent behavior with a juvenile. The first circuit noted that the defendant was the victim's

4

teacher and exploited his position over the victim. Furthermore, he received a significant benefit when he pled guilty to the reduced charge. In *State v. Haltom,* 45,460 (La.App. 2 Cir. 8/11/10), 46 So.3d 708, despite the fact that the defendant had no criminal history, the second circuit did not find the maximum sentence of seven years for indecent behavior with a juvenile excessive when the defendant had arranged to meet a fourteen-year-old girl via the internet and had child pornography on the computer.

In the current case, besides having a history of violence offenses, Defendant was the victim's step-father and in an authoritative position. When he should have been protecting her, he was abusing her. In this case, the offense to which Defendant plead guilty did not adequately reflect the seriousness of the offense committed. We cannot say the trial court abused its vast discretion when it imposed the maximum sentence in this case.

As for the sentence imposed on the possession of cocaine, in *State v. Williams,* 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court did not find the maximum sentence of five years imposed on the defendant excessive considering that he had prior drug convictions. *See also State v. Allen*, 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091, wherein the defendant was a fourth felony offender and received the maximum of five years for possession of cocaine. As noted above, in the current case, Defendant had several drug-related charges.

Together the two sentences total twelve years imprisonment. We find it was proper for the trial court to order the sentences to be served consecutively as the offenses were not "based on the same act or transaction, or constituting parts of a common scheme or plan[.]" La.Code Crim.P. art. 883. Therefore, the trial court was not obligated to order the sentences to be served concurrently, nor was the trial

5

court obligated to state for the record reasons it ordered the sentences to be served consecutively.

We find that Defendant has failed to show that the trial court abused its vast discretion when it imposed the maximum sentence for the conviction of indecent behavior with a juvenile, five years on the conviction for possession of cocaine, and ordered the sentences to be served consecutively for a term of twelve years imprisonment.

CONCLUSION

We find that the maximum sentence imposed on the conviction for indecent behavior with a juvenile is not excessive, nor is the maximum sentence imposed on the conviction for possession of cocaine excessive, and finally, the two consecutive sentences are not constitutionally excessive under the circumstances of the case.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules-Courts of Appeal, Rule 2-16.3.