Judgment rendered October 1, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,437-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

ROBERT J. DAVIS                       Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22CR32998

Honorable Amy Burford McCartney, Judge

* * * * *

HARVILLE LAW FIRM, LLC                         Counsel for Appellant
By: Douglas Lee Harville

CHARLES BLAYLOCK ADAMS                         Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
ETHAN ARBUCKLE
Assistant District Attorneys

* * * * *

Before PITMAN, MARCOTTE, and ELLENDER, JJ.

**MARCOTTE, J.**

This criminal appeal arises from the 42nd Judicial District Court, Parish of DeSoto, the Honorable Amy Burford McCartney presiding. Defendant Robert J. Davis was convicted of one count of indecent behavior with a juvenile by improper communication. His original sentence of seven years at hard labor was vacated by this court in a previous appeal as excessive. The trial court then resentenced Mr. Davis to 7 years at hard labor, with 2.5 of those years suspended. Mr. Davis now appeals his new sentence, arguing that it is effectively the same as the one originally imposed. For the following reasons, we affirm.

## FACTS

On October 24, 2022, the DeSoto Parish district attorney charged Mr. Davis with indecent behavior with a juvenile by improper communication in violation of La. R.S. 14:81(A)(2). Specifically, the state alleged that, on or about July 11, 2022, Mr. Davis transmitted, delivered, or uttered textual, visual, written, or oral communication depicting lewd or lascivious conduct, text, words, or images to a person reasonably believed to be under the age of 17 and at least 2 years younger than the offender, K.G., d/o/b 3/13/2007, with the intention of arousing or gratifying the sexual desires of either person.

On November 9, 2022, Mr. Davis entered a plea of not guilty after waiving formal arraignment. On April 18, 2023, Mr. Davis entered a guilty plea after he was advised of his right to a jury trial, his right to confront the witnesses against him, and his Fifth Amendment rights. A presentence investigation ("PSI") report was ordered, and a sentencing hearing was held on August 21, 2023.

At the hearing, the trial court considered the facts that: Mr. Davis had "known the victim of the offense from the time she was a very young child"; he was "friends with the victim's parents"; the two families were "neighbors"; and Mr. Davis's daughter was "a friend of the victim and close in age to the victim." The trial court then determined that Mr. Davis had "used his status as a safe adult to gain access to and victimize the juvenile." The trial court sentenced Davis to 7 years' imprisonment at hard labor with credit for time served and ordered him to register as a sex offender for a minimum of 15 years upon his release, as well as to complete an approved sex offender program.

After the trial court denied Mr. Davis's motion to reconsider the sentence, he appealed to this court on September 14, 2023. On August 28, 2024, this court vacated Mr. Davis's sentence and remanded the matter for resentencing, finding "that the trial court abused its wide discretion in sentencing the defendant to seven years' imprisonment, the maximum punishment allowed for this particular offense." *State v. Davis*, 55,792 (La. App. 2 Cir. 8/28/24), 399 So. 3d 758.

On October 17, 2024, the trial court sentenced Mr. Davis to 7 years of imprisonment at hard labor, the maximum sentence, with 2.5 years suspended, to be followed by 5 years of supervised probation. He then filed a motion to reconsider the sentence, which the trial court denied.

Mr. Davis now appeals.

**DISCUSSION**

*Sentencing Exposure*

Mr. Davis argues that the trial court erred by imposing effectively the same sentence on remand as its original sentence that was vacated by this

2

court on appeal as excessive. He points to several cases which stand for the proposition that a defendant's sentence consists of his overall sentencing exposure including the period of confinement and that portion of the sentence which has been suspended. In essence, Mr. Davis's argument is that the mere suspension of part of his sentence did not lower his overall sentencing exposure, which the trial court was ordered to do on remand.

The state argues that the new sentence imposed by the trial court is essentially a 4.5-year sentence when the suspended portion of the sentence is considered. The state claims that the new sentence represents a significant decrease from the original seven-year maximum sentence, and "shows the trial court's understanding the max sentence is reserved for the worst of the worst offenders." The state asserts that the new 4.5 year sentence "conveys the seriousness of the crime without excessively punishing the defendant with a maximum sentence."

A court may suspend a sentence if it determines that not doing so would render the sentence constitutionally excessive. *State v. Martin*, 01-1767 (La. App. 4 Cir. 11/24/99), 747 So. 2d 1232; *see also State v. Fobbs*, 99-1024 (La. 9/24/99), 744 So. 2d 1274 (holding that La. Const. art. 1, § 20 provides the basis for extending the court's control over the *entire* sentencing process). (Emphasis added.)

In *State v. Toussaint*, 25-513 (La. App. 3 Cir. 12/4/24), 408 So. 3d 615, a case heavily relied on by Mr. Davis, the defendant entered into a negotiated guilty plea to second-degree cruelty to a juvenile and was sentenced to 12 years of imprisonment at hard labor, with 5 years suspended, and 3 years of supervised probation after incarceration, despite an agreed-upon sentencing cap of 10 years in a written plea agreement. On appeal, the

3

third circuit held that because revocation of probation would result in the defendant serving 12 years' imprisonment at hard labor, the ten-year sentencing cap agreed to by the state and the defendant was exceeded and the plea agreement breached.

These facts are simply not present here. In this case, there was no sentencing cap agreed to by the parties that could potentially be breached if Mr. Davis failed to follow the terms of his probation. Rather, the trial judge lessened the harshness of Mr. Davis's sentence by 2.5 years in making that portion of the sentence suspended, meaning Mr. Davis will not be incarcerated during that time so long as he follows the conditions of his probation.

Mr. Davis argues that the suspension of a sentence should carry no weight in determining whether a sentence is excessive. This argument lacks merit. Consider, for example, defendant A is given a 40-year hard labor suspended sentence for a manslaughter conviction (maximum sentence being 40 years at hard labor) and defendant B is given 10 years at hard labor for manslaughter. Using the logic of Mr. Davis's argument, defendant A's sentence is more harsh, even though he is not subject to incarceration (good behavior presumed), while defendant B will serve hard jail time for 10 years. Defendant B will obviously take issue with such flawed reasoning. So do we.

In other words, Mr. Davis's complaint that the trial court effectively reimposed the same restraint on his liberty (seven years) that this court had already held was excessive ignores the function of a suspended sentence, which is to allow a defendant freedom from incarceration subject to the requirement that he fulfill the requirements of his probation.

4

If Mr. Davis had received a sentence of seven years with the entirety of the sentence suspended, any complaint of excessiveness would ring especially hollow because of the leniency shown in suspending the sentence. Suspending a sentence or a portion of a sentence is one of the tools at a trial court's disposal in lessening the severity of a sentence. The logic of Mr. Davis's argument would have us remove that tool. We decline to do so.

In our view, the trial court showed leniency on remand and complied with this court's directive to lessen the seven-year sentence by suspending a portion of the sentence. To hold otherwise would make a suspended sentence of no effect in determining whether a sentence was excessive. Accordingly, the trial court did not abuse its wide discretion in resentencing Mr. Davis to 7 years with 2.5 of those years suspended.

*Excessive Sentence*

Next, Mr. Davis argues that his sentence was excessive. He notes that he had no prior felony convictions, had a history of employment, was the primary financial provider for his family, had five daughters and stepdaughters, had acknowledged his responsibility in this matter, and had started treatment to address his conduct underlying this matter. Mr. Davis also points out that he had been compliant for nearly one year with the conditions of his bond, had behaved in an exemplary manner in prison, had lost time and relationships with his family, and had release plans in place. Mr. Davis further notes that in 14 separate support letters, he was described by family, friends, and his employer as a good and involved father, a good friend, a good person, a successful professional and a good family provider. Mr. Davis claims that maximum sentences are typically reserved for the "worst of the worst" offenders, and he does not fit that mold. He

acknowledges that his conduct was wrong and unacceptable but asserts that it was not deserving of the maximum sentence.

The state argues that Mr. Davis's sentence was not excessive. In support, it points to *State v. Haltom*, 45,460 (La. App. 2 Cir. 8/11/10), 46 So. 3d 708, wherein the defendant pled guilty to indecent behavior with a juvenile. This court held that the maximum sentence of seven years at hard labor, with all but five and one-half years suspended, was not constitutionally excessive.

The state avers that this case is in line with Mr. Davis's sentence of seven years at hard labor, with 2.5 years suspended, to be followed by 5 years of supervised probation. The state claims that that Mr. Davis "has made no showing that his claim of excessiveness merits consideration" by this court.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of a factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824. The important elements which should be considered are the defendant's personal

history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Gant, supra*; *State v. Bell, supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Lathan*, 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890, *writ denied*, 07-0805 (La. 3/28/08), 978 So. 2d 297.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell, supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Gant, supra*; *State v. Bell, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, the appellate court does not determine whether another

sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Gant, supra*; *State v. Bell, supra*.

For the reasons already expressed above, we do not find that Mr. Davis's sentence was excessive because the trial court showed leniency in suspending a portion of the sentence. While Mr. Davis appears to have behaved in an exemplary manner in prison, the fact remains that he sent a photograph of his penis to a juvenile which has caused long-term damage to both the victim and her family. Additionally, rather than accepting responsibility, Mr. Davis initially blamed his victim for initiating the contact, flirting, and "having a crush" on him. Moreover, it appears that sharing the explicit photograph was not his aim. Rather, Mr. Davis's ultimate goal was to commit a more heinous crime.

Given the facts at hand, a 4.5-year hard-labor sentence with 2.5 years of probation does not shock our sense of justice such that we would consider it an excessive sentence. Rather, the record demonstrates that the trial court adequately articulated the factual basis for the imposition of this sentence, which is neither grossly disproportionate to the severity of the offense committed nor an abuse of the trial court's discretion. Thus, we cannot say the sentence is constitutionally excessive. The assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, Mr. Davis's sentence is affirmed.

**AFFIRMED.**