981 So.2d 838 (2008)
STATE of Louisiana, Appellee
v.
Adrian K. SIMS, Appellant.
Nos. 43,140-KA, 43,141-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 2008.
*840 Louisiana Appellate Project, by G. Paul Marx, Lafayette, for Appellant.
Adrian K. Sims, Jerry L. Jones, District Attorney, Stephen T. Sylvester, Robert N. Anderson, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
Defendant Adrian K. Sims pled guilty to one count of carnal knowledge of a juvenile and one count of molestation of a juvenile. He was sentenced to ten years at hard labor on the conviction for carnal knowledge of a juvenile and to ten years at hard labor for the conviction of molestation of a juvenile, with the first four years of the latter sentence to run concurrent with the last four years of the former and the remaining six to be served consecutive thereto. The defendant now appeals.
The defendant's appellate counsel filed a motion to withdraw, together with a Benjamin[1] brief in support of the motion. The motion to withdraw is granted, and the defendant's convictions and sentences are affirmed.

FACTS
The defendant was originally charged by bill of information with seven counts of carnal knowledge of a juvenile, with a then 13-year-old student at the junior high where the defendant was a substitute teacher, and two other counts of misappropriation without violence. On October 30, 2006, he pled guilty to one count of carnal knowledge of a juvenile in violation of La. R.S. 14:80 and one count of unauthorized use of an access card in violation of La. R.S. 14:67.3, in exchange for the state's agreement to dismiss the six additional counts of carnal knowledge of a juvenile and the two other counts of misappropriation without violence. As part of the plea agreement, the defendant agreed to make restitution for the amount charged on his employer's "Fuelman" card to make repairs to his personal vehicle as well as restitution on two worthless checks.
*841 While awaiting sentencing on these charges, the defendant was arrested and subsequently charged by bill of information with forcible rape of T.J. on or about January 13, 2007, when T.J. was 16 years old. Pursuant to a plea agreement, the state subsequently filed an amended bill of information, charging the defendant with a lesser charge of molestation of a juvenile. In addition to the reduction of the charge, the state agreed not to file a habitual offender bill against the defendant. There was no agreement as to the defendant's sentence on either conviction. The defendant entered a guilty plea to this amended charge on April 30, 2007.
The defendant was sentenced to serve the maximum sentence of 10 years' imprisonment at hard labor on the conviction for carnal knowledge of a juvenile with credit for time served. On the molestation of juvenile conviction he also received the maximum sentence of ten years' imprisonment at hard labor, with the first four years of the sentence to be served concurrently with the last four years of the sentence imposed on the carnal knowledge of a juvenile conviction, and the remaining six years to be served consecutively. On the unauthorized use of an access card conviction the defendant received a sentence of one year at hard labor, to run concurrent with any other sentence, with credit for time served. The defendant received a total sentence of sixteen (16) years' imprisonment at hard labor.
The defendant's appellate counsel has filed an Benjamin brief, seeking to withdraw as counsel, alleging that he could find no non-frivolous issues to raise on appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). However, the brief raises issues challenging the defendant's conviction and sentence, but concludes that these issues are without merit. The defendant's appellate counsel further verifies that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, and Benjamin, supra. On January 16, 2008, this court notified the appellant, Adrian K. Sims, that he may file a brief in this appeal within 30 days of its order. The defendant has not requested the record and has not filed any brief.

DISCUSSION
In the defendant's first assignment of error, he argues that the guilty plea was not free and voluntary because the trial court became involved and on the record suggested that the offer of the state was better than going to trial. On this basis the defendant concludes that the plea was invalid and should be vacated.
The effect of a trial judge's participation in the proceedings on the free and voluntary nature of the defendant's plea was discussed at length in State v. Bouie, 2000-2934 (La.5/14/02), 817 So.2d 48. Therein, the Louisiana Supreme Court declined to adopt a rule absolutely prohibiting the participation of Louisiana trial judges in plea negotiations, but cautioned that a judge doing so "should take extreme care to avoid the dangers described in the ABA commentary," which commentary was quoted in the opinion as follows:
(1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge; (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind *842 the use of the pre-sentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent.
ABA Standards, Pleas of Guilty § 3.3(a) Commentary 73 (Approved Draft 1968).
In the instant case, the trial judge did not interject his personal opinion regarding the plea discussions. Rather, he correctly informed the defendant of the deal being offered by the state and the fact that the state was willing to leave the offer open after the hearing at which the defendant accepted the plea. The colloquy indicates that the trial court never gave an opinion as to the merits of the state's case against the defendant on the forcible rape charge. Although the defendant indicated that he felt he was in a "no-win" situation, a thorough reading of the record reveals that the defendant's dilemma could not have been caused by anything stated by the trial judge.
The trial judge made no declarations on the merits of the case or the likely outcome. Accordingly, this argument is without merit.
In his second assignment of error, the defendant argues that the sentence is constitutionally excessive because the sentence was not justified by the conduct of the consensual sexual contact. Additionally, the defendant asserts that the trial court gave too much weight to the post-offense conduct. The record is unclear as to which sentence might be excessive, so the discussion of this assignment will include both sentences involving inappropriate sexual conduct.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37-442 (La.App. 2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the *843 trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App. 2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
In the instant case concerning the sentencing on the carnal knowledge conviction, an application of the two-pronged test to the record does not show the sentence to be excessive. The record shows an adequate factual basis for the sentence imposed, even though at the time of this offense the defendant may have only been a first time felony offender. The presentence investigation report indicated that the defendant had met his 13-year-old victim while she was a student at the junior high at which he was a substitute teacher. This is a clear indication that the defendant violated a position of trust and authority in order to gain access to the victim. Although he pleaded guilty, the defendant refused to accept full responsibility for his actions, including an assertion of ignorance as to the girl's age. That assertion is particularly weak, considering the fact that the victim was a student at the junior high school in which the defendant worked.
Additionally, the defendant received a substantial benefit through the plea bargain. The defendant was originally charged with seven counts of felony carnal knowledge of a juvenile, of which six counts were dismissed pursuant to the plea bargain. Lastly, the trial court relied on the high probability that the defendant would re-offend, considering the fact that the defendant was arrested for committing a forcible rape on a juvenile while awaiting sentencing on the carnal knowledge conviction.
Considering the facts surrounding this case, we cannot say that the sentence imposed shocks the sense of justice and is grossly out of proportion to the seriousness of the offense.
In regards to the molestation of a juvenile conviction, the trial court did not err in imposing the maximum sentence of imprisonment. Taking into consideration the seriousness of the offense, the age of the victim, his prior criminal history regarding sex with minors, and the benefit he received as a result of the plea bargain, there is clearly no abuse of the trial court's discretion. Accordingly, this assignment of error has no merit.
This court has conducted an error patent review of the appellate record, and no errors patent were found.

CONCLUSION
Our independent review failed to reveal any non-frivolous issues and no ruling which arguably supports this appeal. The issues noted by the defendant's appellate counsel had no merit. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw is granted.
AFFIRMED.
NOTES
[1] State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).