NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 23-312

STATE OF LOUISIANA

VERSUS

EDWARD GARRIET, III

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16779-19
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

GUY E. BRADBERRY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Guy E. Bradberry, Judges.

AFFIRMED.

**Stephen C. Dwight**
**District Attorney**
**John E. Turner**
**Assistant District Attorney**
**Fourteenth Judicial District Court**
**P.O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR:**
     **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**600 Jefferson Street, Suite 903**
**Lafayette, LA 70501**
**(337) 366-8994**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Edward Garriet, III**

**BRADBERRY, Judge.**

On July 25, 2019, the State filed a bill of information charging Defendant, Edward Garriet, III, with one count of felony carnal knowledge of a juvenile under La.R.S. 1480 and five counts of indecent behavior with a juvenile against five different victims under La.R.S. 14:81

On June 2, 2020, Defendant withdrew his previous plea of not guilty and entered a plea of guilty to one count of carnal knowledge of a juvenile and one count of indecent behavior with a juvenile. As part of the plea agreement, the State nolle prossed the remaining counts.

On January 15, 2021, the trial court sentenced Defendant to ten years at hard labor for carnal knowledge of a juvenile to run concurrently with seven years for indecent behavior with a juvenile. The trial court suspended all but five years on each count. The trial court placed Defendant on supervised probation for five years, subject to the conditions set forth in La.Code Crim.P. arts. 895 and 895.1, as well as special conditions including a $5,000.00 fine, court costs, and restitution. The trial court also informed Defendant of his obligation to register as a sex offender for fifteen years after his release from prison.

Defendant filed a motion to reconsider sentence, which the trial court denied at a hearing held on March 24, 2021. Thereafter, on August 23, 2021, Defendant filed a motion for out-of-time appeal, which the trial court granted the same day.

On appeal, this court affirmed Defendant's convictions but vacated his sentences as indeterminate and remanded the matter to the trial court for re-sentencing. *State v. Garriet,* 21-779 (La.App. 3 Cir. 3/30/22) (unpublished opinion) (2022 WL 953973).

On September 30, 2022, the trial court held a hearing to resentence Defendant. The trial court reinstated the previously imposed sentences. However, the trial court amended the probation period to the statutory maximum of three years.

Thereafter, Defendant filed a motion to reconsider sentence, which the trial court denied at a hearing held on January 27, 2023. On February 2, 2023, Defendant filed a motion for appeal.

Defendant now appeals his sentences, arguing it is unconstitutionally excessive. For reasons discussed below, Defendant's sentences are affirmed.

**FACTS**

The State set forth the following factual basis at Defendant's guilty plea hearing:

> As to the carnal knowledge of a juvenile, on or between August 1, 2018, and December 31, 2018, the defendant, Edward Garriet, III, committed carnal knowledge of a juvenile, whose initials are J.S., whose date of birth is August 5, 2002. The victim was a student at the same school wherein the defendant was a teacher and a coach. The victim is a neighbor of the defendant and a friend of his children.

> He was a trusted friend of the victim's father. The defendant would sometimes give the victim a ride to school. The victim was CAC'd [(interviewed at Child Advocacy Center)] on April 17, 2019, and she disclosed that on at least one occasion he engaged in carnal knowledge with her when she was older than 13 years old, but less than 17 years old.

> She went to the defendant's house. They engaged in sexual intercourse in his daughter's bedroom. The victim disclosed this to her sister and to other friends at school.

> The victim is not the spouse of the offender and the age difference between the defendant and the victim is four years or greater.

> This occurred within the confines of Calcasieu Parish.

> As to the indecent behavior with a juvenile, on or between August 1, 2018, and December 31, 2018, the defendant, Edward Garriet, III, committed indecent behavior with a juvenile with the intention of arousing or gratifying the sexual desire of either person by

transmitting visual communication depicting lewd and lascivious conduct and images, specifically images of his genitals to the victim whose initials are J.S. and whose date of birth is August 5, 2002, a person whom the defendant reasonably believed to be under the age of 17 and reasonably believed to be at least two years younger than the offender. She was a student at the same school wherein he taught and was a coach.

The victim's cell phone, as well as the defendant's cell phone, shows a communication wherein the defendant and the victim - - shows this type of communication between the defendant and the victim.

The defendant commented how he wanted to have a threesome with J.S. and another victim. Three other victims include other students; C.C., whose date of birth is January 23, 2001; L.F., whose date of birth is October 3, 2000, and S.V., whose date of birth is November 30, 2001. This occurred within the confines of Calcasieu Parish.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, Defendant alleges the sentences imposed by the trial court are excessive. In brief to this court, Defendant claims his sentences are not in line with similar sentences for other teachers and persons in authoritative roles in the Calcasieu Parish area. Defendant also asserts the trial court failed to individualize his sentences. Furthermore, Defendant contends the trial court ignored his character and background, considering he has no criminal history. Although the trial court imposed sentences within the statutory limits, Defendant requests this court to "reverse the sentences and remand for another hearing" due to the mitigating circumstances.

The State filed a brief in opposition and asserts Defendant's sentences are not unconstitutionally excessive. The State notes the trial court meticulously reasoned Defendant's sentence by identifying the applicable factors under La.Code Crim.P. art. 894.1. The State also notes the trial court considered a pre-sentence investigation report, which provided information on Defendant's criminal record, the nature of the

3

offenses allegedly committed, and letters attributing to Defendant's impact on other peoples' lives. Further, the State discusses the trial court's acknowledgment of the victims' vulnerability due to her age and lack of self-esteem and the life-long impact Defendant's actions may have on the victim. The State concludes by asserting the trial court individualized Defendant's sentence and partially accepted the joint recommendation. According to the State, the trial court did not abuse its broad sentencing discretion.

To review a sentence for excessiveness, the record must show the trial court took cognizance of the criteria set forth in La.Code Crim.P. art. 894.1. The goal of La.Code Crim.P. art. 894.1 is the articulation of a factual basis for a sentence, not a rigid or mechanical compliance with its provisions. *State v. Bell*, 53,712 (La.App. 2 Cir. 1/13/21), 310 So.3d 307. "While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). Importantly, the trial court should consider the defendant's personal history, including his age, marital status, health, and employment record; his criminal record; the seriousness of the offense; and the "potential for rehabilitation through correctional services other than confinement." *State v. Jones*, 398 So.2d 1049, 1051–52 (La.1981); *see also State v. Thompson*, 50,392 (La.App. 2 Cir. 2/24/16), 189 So.3d 1139, *writ denied*, 16-535 (La. 3/31/17), 217 So.3d 358. "There is no requirement that specific matters be given any particular weight at sentencing." *State v. Brown*, 51,352, p. 22 (La.App. 2 Cir. 5/2/17), 223 So.3d 88, 103, *writ denied*, 17-1154 (La. 5/11/18), 241 So.3d 1013.

Additionally, Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99–433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:
>
>> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating

circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06

(alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261. "Generally,

maximum sentences are reserved for the most serious violation of the offense and

the worst type of offender." *State v. Herbert*, 12-228, p. 5 (La.App. 3 Cir. 6/13/12),

94 So.3d 916, 920, *writ denied*, 12-1641 (La. 2/8/13), 108 So.3d 78.

At the original sentencing hearing, the State and defense counsel

recommended the trial court to suspend all but sixteen months of Defendant's

sentence, in accordance with those similarly situated. Following the

recommendation, defense counsel argued Defendant did not have a prior criminal

history and was worth more than the worst thing he had ever done and requested the

trial court to take cognizance of the letters provided on Defendant's behalf.

Thereafter, the State argued Defendant was a person whom the victims and victims'

families trusted, but ended up being a pedophile that robbed the victims of their

innocence and confidence.

When imposing the sentence, the trial judge explained the following:

> But bottom line is if I didn't have the recommendation that I have, your sentence would be much worse than what it's about to be, I guess what I'm saying to you. And so, I'm being as -- the sentence I'm about to impose is about as generous as I can be in light of all the circumstances and still, it's the best I can do and show respect to these victims and their family and also give consideration for this balance that I need to be able to have in this matter.

> So, as I said, I've already imposed the ten year and the seven year sentences. And I'm going to suspend each of those, all but five years. So, you have five years to serve, and then you'll have that five years of probation with all the conditions that I imposed a while ago.

And I'm telling you that in light of the various victims that are involved here and, you know, I think that that's -- and the damage that's been caused to these victims, I think that's -- really, to me, that's the only thing that's close to justice in light of all the circumstances in this case.

You know, when I hear -- and I'll give you credit for any time you've served. Yeah, it'll be concurrent on each count with credit for any time you've served from the date of your arrest on the charges. And I will notify you -- and by the way, I do have to say, you know, looking at the Article 894.1, the sentencing guidelines, you know, the lesser sentence would deprecate the seriousness of the defendant's crime. You know, look under (b) -- by the way, that was (a)(3) that I mentioned there.

But under (b), 894.1(b), grounds for consideration aggravating and mitigating -- or the mitigating or aggravating factors, or (2), defendant knew or should have known that the victim of the offense was particularly vulnerable.

No. 4, the defendant used his or her position or status to facilitate the commission of the offense.

No. 11, the offense involved multiple victims or incidents for which separate sentences have not been imposed.

No. 12, the offender was persistently involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication. And I don't see any mitigating factors here. Well, I guess the defendant has no history of prior criminal activity.

**MR. SANCHEZ:**

That's correct.

**THE COURT:**

So, yeah, I would say, yeah, that's a mitigating factor. And like I said, I mean, I would consider, also, you know, the other -- those letters of support mitigation because, you know, I do, like I said, I do think those were beneficial to you, Mr. Garriet, whether you believe it or not. Those were beneficial to you because you may not, like I said, you may not believe this, but I can tell you it

7

could have easily been a higher -- this sentence could have easily been higher. But I, you know, I know as much as possible, I try to honor the recommendations of the State and the defense. But in this case, I felt like it was something that, you know, that 16 months, there was just no way that that would be, that could possibly be adequate for what was done here. And I know the family may be feeling that five years isn't adequate.

But you know, I'm trying to balance all considerations here, and I hope everybody can -- I hope the families can respect that, and I hope everybody can respect that. But they'd probably like to see 10 or 15 or the 10 or whatever, but I mean, I'm trying to balance all considerations here.

And I do hope, Mr. Garriet, when you finish serving your time or while you're serving your time, you do some soul-searching and instead of feeling sorry for yourself that you actually start thinking about maybe what you can do to actually, you know, do something for other people and help other people and make amends for your crime.

Obviously, there's nothing that you can do for these victims but maybe for other victims in other cases. All right.

After the announcement, defense counsel orally made a general objection to Defendant's sentence and appealed. Due to the errors patent issues, this court vacated Defendant's sentence and remanded the case to the trial court for resentencing. *Garriet,* 21-779. Upon remand, the trial court reimposed Defendant's previous sentence and stated, "I'm gonna go ahead and go through this sentence again but for all the reasons I gave before and the reasons I just gave now." Nevertheless, the trial court adopted the same reasons for the imposition of Defendant's sentence at the second sentencing hearing, which are the basis for Defendant's appeal.

Pursuant to La.R.S. 14:80, the sentencing range for carnal knowledge of a juvenile requires a fine of no more than $5,000.00 or imprisonment, with or without

hard labor, for no more than ten years, or both. As to indecent behavior with a juvenile, the sentencing range requires a fine of no more than $5,000.00, imprisonment with or without hard labor, for no more than seven years, or both. La.R.S. 14:81. Thus, the trial court imposed the maximum sentences. However, with respect to both sentences, all but five years were suspended, with the sentences to be served concurrently. At the motion to reconsider hearing, the trial court reiterated that the letters of recommendation served as a mitigating factor. However, in aggravation, the trial court noted the severe effects of Defendant's actions on the victims.

As to nature and background of the offender, Defendant was a thirty-seven-year-old spouse and father of five. Defendant had no prior criminal history. Regarding employment, Defendant was a high school basketball coach and teacher at Westlake High School in Calcasieu Parish.

Appellate courts have upheld maximum sentences for carnal knowledge of a juvenile. In *State v. Sims*, 43,130 (La. App. 2 Cir. 4/30/08), 981 So.2d 838, the trial court sentenced the defendant, a first felony offender, to ten years at hard labor for carnal knowledge of a juvenile. The victim was a thirteen-year-old girl at the junior high school wherein the defendant was a substitute teacher. As such, the trial court concluded "the defendant violated a position of trust and authority to gain access to the victim." *Id.* at 843. Moreover, the court reasoned that the defendant received a substantial benefit from the plea bargain, which resulted in six counts of carnal knowledge of a juvenile being dismissed. Based on these facts, the appellate court affirmed the defendant's sentence.

In *State v. Rhodes*, 14-201 (La.App. 3 Cir. 8/6/14) (unpublished opinion), the trial court sentenced the defendant to ten years at hard labor, with five years of the

sentence suspended, for carnal knowledge of a juvenile.  The defendant had sexual intercourse with an eleven-year-old girl, impregnating her.  Although the defendant was a first time felony offender, the trial court found the defendant posed an economic and emotional burden on the victim and her family.  Additionally, the defendant threatened to harm the victim if she told anyone.  The court granted a rehearing to review the excessive sentence claim; this court affirmed the sentence and noted the trial court did not abuse its discretion for the sentence imposed.

In *State v. Wyant*, 42,338 (La.App. 2 Cir. 8/15/07), 962 So.2d 1165, the trial court sentenced the twenty-five-year-old defendant to ten years at hard labor, with two years of the sentence suspended, for carnal knowledge of a juvenile.  The defendant had sexual intercourse with the twelve-year-old victim after getting her intoxicated with alcohol.  As a result of the defendant's actions, the victim had nightmares and trouble sleeping.  Affirming, the appellate court decided the defendant's sentence was not excessive since the defendant used the victim for his own sexual gratification and used alcohol to induce the victim to have sexual intercourse.

Moreover, appellate courts have upheld the imposition of maximum sentences for indecent behavior with a juvenile.  In *State v. Albarado*, 03-2504 (La.App. 1 Cir. 6/25/04), 878 So.2d 849, *writ denied*, 04-2231 (La. 1/28/05), 893 So.2d 70, the trial court sentenced the thirty-four-year-old defendant to the maximum of seven years at hard labor for indecent behavior with a juvenile.  The defendant, a teacher at Ascension Catholic High School, committed indecent acts with the victim, a juvenile student, on numerous occasions.  Although the defendant was a first felony offender, the trial court imposed the maximum sentence upon the defendant due to the seriousness of the offense, the permanent psychological injury to the victim, and the

use of defendant's status to influence the victim. The appellate court affirmed the defendant's sentence.

In *State v. Couch*, 53,956 (La.App. 2 Cir. 6/30/21), 321 So.3d 541, the trial court sentenced the defendant to seven years for indecent behavior with juveniles. The defendant, a teacher and principal at Apostolic Tabernacle Christian School, inappropriately groped minor students over an eight-year period. Following a pre-sentencing investigation, the trial court imposed the maximum sentence, reasoning the defendant's actions were callous and egregious and caused severe emotional harm to the victims. The second circuit affirmed the defendant's sentence, finding the defendant's sentence was not disproportional due to the facts of the case and the benefit defendant received due to his plea agreement.

In *State v. Penn*, 633 So.2d 337 (La.App. 1 Cir. 1993), the trial court sentenced the defendant to seven years for indecent behavior with a juvenile. While a student in the defendant's class, the twelve-year-old victim confided in him about a personal problem. The defendant then pursued the victim and went on to have inappropriate sexual encounters with her. After conducting a pre-sentencing investigation, the trial court imposed the maximum sentence due to the defendant's heinous actions during his time as a teacher. The appellate court upheld the sentence since the defendant took advantage of the youthful victim and repeatedly engaged in sexual acts with the victim.

Based on the record, we cannot say the trial court abused its discretion in sentencing Defendant to the maximum sentence of ten years for carnal knowledge of a juvenile to run concurrently with the maximum sentence of indecent behavior with a juvenile. Although Defendant takes issue with the trial court's decision to not impose the recommended sentence, the trial court has wide sentencing discretion

11

and is not required to impose sentencing recommendations.  Therefore, we find the trial court did not abuse its discretion, and Defendant's sentence is affirmed.

## CONCLUSION

Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.